517 P.2d 1304

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Johnny PACHECO, Defendant-Appellant.**
**No. 1095.**

Court of Appeals of New Mexico.
Dec. 26, 1973.

Bob Barberousse, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant plead guilty to the charge of receiving stolen property (§ 40A–16–11 N.M.S.A.1953 (Repl.Vol.1972)). Subsequently, he was given a suspended sentence and placed on probation for six months. Prior to the expiration of the six month probation the district attorney filed a motion to revoke the suspended sentence on the ground that defendant had violated ". . . the terms and conditions of his suspension, as follows: A. Indecent exposure on May 10, 1972. . . ." A hearing was held on September 5, 1972. Two witnesses and the defendant testified. The trial court revoked the suspended sentence.

Defendant appeals on two grounds. First, that there was insufficient evidence upon which to base the revocation; and second, that defendant was deprived of a fair and impartial hearing.

We reverse on the second ground and do not decide the first. However, there is a serious question as to whether there was sufficient evidence, as disclosed by the record, to sustain the trial court's judgment of revocation. See State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App. 1968).

Following the taking of testimony, and the record does not indicate a recess, the trial court made the following statement:

"THE COURT: All right. I want the record to show that this incident was called to this Court's attention immediately after it occurred, that I suggested to the corrections people who then had this man on probation that he go to Roswell Rehabilitation Center, that they recommend to him and that they secure his cooperation in securing not only physical help but mental help. Since then it has come to my attention that he advised the corrections people that he didn't intend to stay there and whether the judge liked it or anybody else liked it he was coming home, and he did, and he has refused to cooperate.

"I have given him every break possible, including suspension of sentence. Even when this event occurred, I didn't take any action except to try to get his cooperation in securing help. He's refused that cooperation.

"I'm going to revoke his sentence. I have talked to the Deputy Warden, Mr. Herrera. They're making provisions for him and he is going to get mental help, but he's going to get it whether he likes it or not. He will not cooperate, he leaves wherever I send him and he has told the probation people, 'to hell with it, he's got all his friends in jail anyway.' Well, he can just go join them for a while and he can get help whether he likes it or not.

"It will be revoked today and you will go today."

The state contends that since defendant ". . . failed to raise an objection regarding this contention [fair and impartial hearing] at the hearing, any claimed error is not subject to review in this court." This is normally true. Section 21–2–1(20)(1), N.M.S.A.1953 (Repl. Vol. 1970); State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

However, there are three exceptions to that rule. They are set forth in Sais v. City Elect. Co., 26 N.M. 66, 188 P. 1110 (1920) as follows:

"(1) That jurisdictional questions may be raised for the first time here. . . . (2) That questions of a general public nature affecting the interest of the state at large may be determined by the court without having been raised in the trial court. . . . And (3) that the court will determine propositions not raised in the trial court where it is necessary to do so in order to protect the fundamental rights of the party. . . ."

See also Floeck v. United Benefit Life Ins. Co., 52 N.M. 324, 197 P.2d 897 (1948); Jaffa v. Lopez, 38 N.M. 290, 31 P.2d 988 (1934); Schaefer v. Whitson, 32 N.M. 481, 259 P. 618 (1927).

The issue, as raised here on appeal, clearly falls within the third exception as set forth in Sais v. City Elect. Co., supra.

▮ Defendant is entitled to a hearing on the alleged violations. Section 41–17–28.1, N.M.S.A.1953 (Repl.Vol.1972); State v. Murray, 81 N.M. 445, 468 P.2d 416 (Ct.App.1970). The degree of proof necessary to establish a violation of probation in revocation hearings is that which inclines a reasonable and impartial mind to the belief that defendant had violated the terms of probation. State v. Brusenhan, supra. A reasonable and impartial mind is one which hears before it condemns, which proceeds on inquiry, and only renders a decision after hearing all the evidence.

As stated in Geer v. Stathopulos, 135 Colo. 146, 309 P.2d 606 (1957):

> "Every litigant is entitled to a fair and impartial trial. A fair and impartial trial, the very desideratum of the administration of justice, is a judicial process by which a court hears before it decides; by which it conducts a dispassionate inquiry, and renders judgment only after trial. The antithesis of a fair and impartial trial is prejudgment by a court. A tendency to prejudge, or a prejudgment of a particular controversy, or of a class or character of cases only sucks the administration of justice down into the eddy of disrepute."

▮ As we have already indicated the issue here is the protection of the fundamental right of a fair hearing before an impartial tribunal. However, when the trial court has already made arrangements, prior to the hearing, with the deputy warden for defendant's care (defendant being paralyzed from the waist down and in a wheelchair) we can only conclude that the trial court prejudged the hearing, thereby depriving defendant of his fundamental right of a fair hearing before an impartial tribunal.

The order revoking the suspended sentence is set aside and the cause remanded.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.