702 P.2d 7

**Sambrano GURULE, Now Eloida Gurule, by substitution, Plaintiff-Appellee,**

v.

**Joan Mitchell AULT, et al., Defendants,**

**Sebedeo Chacon and Rose Chacon, Defendants-Appellants.**

**No. 7975.**

Court of Appeals of New Mexico.

May 30, 1985.

Benny R. Naranjo, Albuquerque, for plaintiff-appellee.

Santiago "Jaime" R. Chavez, Lopez & Chavez, P.C., Taos, Sarah M. Singleton,

Singleton Law Offices, Sante Fe, for defendants-appellants.

## OPINION

DONNELLY, Chief Judge.

Appellants appeal from a judgment entered by the district court in Rio Arriba County quieting title to land in the names of appellants and appellee, and awarding appellee $5,000 in costs and attorneys fees. Two issues are raised on appeal: (1) whether the trial court erred in awarding attorneys fees in favor of appellees; and (2) whether the trial court erred in awarding costs. We reverse in part and affirm in part.

### FACTS

Appellee is the widow of Sambrano Gurule. Appellants, Sebedeo Chacon and Rose Chacon, his wife, are owners of a tract of land adjoining the Gurules property. Following a longstanding dispute between the Gurules and the Chacons concerning the ownership of land and the location of common boundaries claimed by the parties, Sambrano Gurule filed suit on May 11, 1978 against the Chacons and others seeking to quiet title to the land claimed by appellee.

The Chacons filed an answer to the quiet title suit, denying Gurule's claimed ownership of the land and counterclaimed, alleging that they were the owners in fee simple of the following tracts of realty located in Rio Arriba County, New Mexico.

Lot One (1) and Two (2), the North half of the Northwest quarter (N ½ NW ¼) of Section 25 in Township Twenty-Three (23) of Range Eight (8) East of the New Mexico Meridian, New Mexico, containing One hundred Thirty-Seven and Twenty Hundredths (137.20) acres, more or less.

Gurule filed an answer to the counterclaim denying that the Chacons were the owners of the property described in the counterclaim. Trial on the merits was held on February 28, 1984. Neither party submitted requested findings of fact nor conclusions of law at the end of the trial. The trial court entered a final judgment and decree on April 23, 1984, quieting title in the respective parties as follows:

B. The Plaintiff SAMBRANO GURULE [appellee], is the owner in fee simple, and in possession of * * * real estate * * * designated as parcel "A", described in Plaintiff's Exhibit "1" * * * by the doctrine of acquiescence.

C. The Defendants, SEBEDEO CHACON, a/k/a Sebadeo Chacon and ROSE CHACON, Husband and Wife, are the owners in fee simple, and in possession of * * * real estate * * * designated as parcel "B", as described in Plaintiff's Exhibit "1", * * * by the doctrine of acquiescence.

. . . .

H. That plaintiff is entitled to his costs and attorneys fees, as against the Defendants, SEBEDEO CHACON, a/k/a Sebadeo Chacon and ROSE CHACON, Husband and Wife, in an amount not to exceed FIVE THOUSAND DOLLARS ($5,000.00), which costs and attorney's fees shall be certified by plaintiff or his attorney to the Clerk of the Court * * *.

Thereafter, Gurule's attorney filed a cost bill certifying costs of suit on behalf of Gurule as follows:

| | | |
|---|---|---|
| 1. Land Surveyors: | | |
| a. Joseph Lujan | $ | 400.00 |
| b. Ralph Alarid | | 520.00 |
| 2. Publication and Service of Process: | | 187.50 |
| 3. Expert Witness Fee: | | |
| a. John P. Montoya, Jr. | | 365.15 |
| 4. Travel Expenses: | | |
| a. Six (6) round trips to Albuquerque at 225 miles per trip at $.15 per mile | | 203.40 |
| 5. Attorneys Fees: | | |
| a. Michael Scarborough | | 365.00 |
| 6. Attorneys Fees: | | |
| a. Benny R. Naranjo 63.75 hours at $80.00 per hour | | 5,100.00 |
| 7. Long Distance phone calls to attorney in Albuquerque: | | 30.00 |
| TOTAL COSTS: | | $7,171.85 |

The Chacons filed a motion requesting the court to reconsider the award of attor-

neys fees and costs. Thereafter, Gurule filed an amended certificate of costs and cost bill similar to the original cost bill, with the exception that the travel expenses were deleted.

The trial court entered an order dated June 15, 1984, providing in part:

1. The court finds its authority for the award of attorney's fees in its inherent powers, as a Court of equity, to control obdurate defenses or bad faith claims.

2. The court finds that costs of surveying, publication and service of process are properly taxable as costs of trial.

3. The court finds that costs associated with travel are not taxable as costs of trial.

Thereafter, in a letter to counsel dated July 18, 1984, the trial court noted in part, "[t]he court finds its authority for the award of attorneys fees in its inherent powers, as a court of equity, to control obdurate defenses or bad faith claims. The court is well aware of the American rule regarding fees, but does not agree with it." The trial court denied the Chacons motion to reconsider, except as to the request for travel costs.

On July 2, 1984, the Chacons filed an appeal from that part of the district court's judgment which awarded attorneys fees and costs. On appeal, the Chacons have not challenged that portion of the decree quieting title in the names of the respective parties.

### (a) Attorneys Fees

The Chacons contend that the trial court erred in taxing $5,100 worth of attorney's fees as costs. We agree. The rule in New Mexico was recently reiterated in *Martinez v. Martinez*, 101 N.M. 88, 678 P.2d 1163, 1168 (1984), (suit under a real estate contract to recover possession and title to property). In *Martinez*, the court held:

[T]he award of attorney fees in this case is supported neither by statute nor by case law. In reversing the trial court's award of attorneys fees, we adhere to the rule stated in *State v. Lujan*, 43

N.M. 348, 93 P.2d 1002 (1939), that each party to litigation must pay his own counsel fees. This case does not fall within any of the exceptions stated in *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963), and we choose not to broaden the holding in *Marron* [*Marron v. Wood*, 55 N.M. 367, 233 P.2d 1051 (1951)] to include situations such as that presented in this case.

Similarly, in *Central Adjustment Bureau, Inc. v. Thevenet*, 101 N.M. 612, 686 P.2d 954, 956 (1984), the supreme court stated, "[i]n the absence of an authorizing statute or rule of court, or the applicability of an exception as discussed in *Aboud v. Adams*, 84 N.M. 683, 507 P.2d 430 (1973), attorney's fees are not recoverable." *Keeth Gas Co. v. Jackson Creek Cattle Co.*, 91 N.M. 87, 570 P.2d 918 (1977); *Southern Union Exploration Co. v. Wynn Exploration Co.*, 95 N.M. 594, 624 P.2d 536 (Ct.App.), *cert. denied*, 95 N.M. 593, 624 P.2d 535 (1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 461 (1982); *see also Tabet Lumber Co. v. Chalamidas*, 83 N.M. 172, 489 P.2d 885 (Ct. App.1971).

■ The right to recover attorneys fees from an opposing party as part of the costs did not exist at common law. *Rude v. Buchhalter*, 286 U.S. 451, 52 S.Ct. 605, 76 L.Ed. 1221 (1932). Allowance of attorneys fees as an item of costs is not allowable in the absence of a statute, rule of court, or some agreement expressly authorizing the taxing of attorneys fees in addition to ordinary costs. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967); *Kintner v. Harr*, 146 Mont. 461, 408 P.2d 487 (1965); *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77 (1964); *see also Alber v. Nolle*, 98 N.M. 100, 645 P.2d 456 (Ct.App.1982).

### (b) Surveyor's Fees, Publication, and Service of Process

Appellants also challenge the award of surveyor's fees for plat preparation, the costs of publication of notice of suit, and

**20**

service of process as costs additionally taxed against them.

The right to recover costs exists only by virtue of statutory authority, or rule of court. *Bureau of Revenue v. Western Electric Co.*, 89 N.M. 468, 553 P.2d 1275 (1976). "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." NMSA 1978, Civ. P.R. 54(d) (Repl.Pamp.1980). The matter of assessing costs lies within the discretion of the trial court and unless an abuse of discretion is shown, an appellate court will not set aside the lower court's determination. *Ulibarri Landscaping Material, Inc. v. Colony Materials, Inc.*, 97 N.M. 266, 639 P.2d 75 (Ct.App.1981), *cert. denied*, 98 N.M. 50, 644 P.2d 1039 (1982).

■ In *Ulibarri*, this court held that a trial court may properly award costs of a surveyor's preparation of a survey where the survey was prepared for use at trial. In the instant case, Gurule called John Montoya, a land surveyor, to testify as an expert witness at trial. Montoya's testimony was based in part upon the surveys of Joseph Lujan and Ralph Alarid, land surveyors. Both Lujan and Alarid prepared surveys utilized by Gurule in preparing his case for trial, drafting his complaint, and at trial. Under these facts, the award as costs for the preparation of the surveys was not an abuse of discretion.

■ The Chacons attack the award of costs of publication and service of process on the non-contesting defendants in the amount of $187.50. We agree with the Chacons that, except for the amount of the actual costs of service of process upon them, the other costs of service and publication were costs which were not directly assessable to them and are more properly charged to the other defaulting defendants.

The award of attorneys fees and that portion of the costs of service and publication not directly attributable to obtaining service upon appellants are reversed. The remaining costs awarded by the trial court

are affirmed. The cause is remanded for entry of an amended decree in conformity with this opinion.

Appellants are awarded costs on appeal.

IT IS SO ORDERED.

NEAL and ALARID, JJ., concur.