874 P.2d 1262

James E. TURPIN, Plaintiff–Appellant,

v.

Patrice SMEDINGHOFF,
Defendant–Appellee.

No. 21417.

Supreme Court of New Mexico.

May 5, 1994.

Otten, Vogel & Campbell, P.C., Stephen Joseph Vogel, Albuquerque, for plaintiff-appellant.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Charles J. Vigil, Albuquerque, for defendant-appellee.

## OPINION

RANSOM, Justice.

James E. Turpin obtained a dissolution of his partnership with Patrice Smedinghoff. He appeals from the part of the judgment that distributed the partnership assets equally between the two partners, awarded Turpin the sum of $1000, and awarded Smedinghoff $9,840.90 in attorney's fees and costs. Because we find that substantial evidence supports the court's conclusion that the partnership assets should be divided equally between the partners and the conclusion that Turpin should recover $1000 in expenses, we affirm the judgment in part. Smedinghoff, however, failed to show either a breach of Turpin's fiduciary duty that resulted in damage to her or that she was forced to attempt to preserve a common fund because of a wrongful act by Turpin. We therefore reverse the award of attorney's fees.

*Facts and proceedings below.* In December 1988, Turpin and Smedinghoff entered into a partnership called "TCG Partners". TCG's sole asset was a 16.5% interest in a limited partnership known as Mesilla Partners, Ltd., which TCG acquired by exercising an option given to TCG by one of Turpin's corporations, doing business as Turpin & Associates ("Associates"). Mesilla Partners

owned a ground lease and the building in which Associates was a tenant. At the time she became a partner in TCG, Smedinghoff was employed by Associates. She did not have to invest anything to become a partner, and the only activity of TCG was to file a yearly tax return. Turpin conducted the operation of the partnership and Smedinghoff never questioned his activities. Under the terms of the partnership agreement, Turpin and Smedinghoff each received a fifty percent interest in TCG; the affairs of the partnership were to be approved by the vote of a majority in interest; and upon termination of TCG the assets were to be distributed to the partners in proportion to the percentages of their ownership.

In June 1990, Smedinghoff resigned from Associates, and Turpin requested that she sell back her interest in TCG. After she refused, Turpin told her that TCG had incurred over $2000 in expenses for preparation of tax returns and legal expenses in forming the partnership, and he asked her to pay one-half of this amount. Smedinghoff refused to pay. In October 1991, Turpin filed a complaint for dissolution of the partnership, requesting award of all of the partnership assets and one-half of the expenses he incurred in the operation of TCG. Smedinghoff cross-claimed for breach of the partnership agreement and breach of fiduciary obligations and misrepresentation, and requested one-half of the partnership assets, plus damages and attorney's fees.

■ *Substantial evidence supports equal division of partnership assets and award of expenses.* The partnership agreement expressly provided that the partners would each receive their proportionate share of the partnership assets upon dissolution. Turpin provided no evidence that the agreement was amended. Thus, because it is uncontroverted that both Turpin and Smedinghoff owned fifty percent of TCG, there is substantial evidence to support the court's conclusion that the assets should be divided equally, even though Smedinghoff never actually contributed any capital to the partnership.

The partnership agreement also provided that if income were not sufficient to pay operating costs, the partners would contribute to pay the costs in proportion to their interests, except that the "amount of funds subject to ... contribution in any calendar year shall not exceed $1,000 in the aggregate, unless any excess is approved by Partners holding majority interest in the capital of the Partnership." Turpin provided statements billed to the partnership for four years of accounting services in the amount of $2,201.06 and for legal services in connection with formation of the partnership in the amount of $817.07. He testified that the accounting services were paid by exchanging his services for those of the accountants and that the bills were prepared for purposes of proving his expenses at trial.

■ Finding No. 15 states that Turpin "incurred expenses, in the form of an exchange of services, for the preparation of TCG related documents, in the amount of $2,000." In conclusion of law No. 8, the court held that "Smedinghoff shall pay $1,000 to [Turpin] as her contribution for the payment of TCG's expenses...." Although the trial court did not expressly state that Smedinghoff was not liable for part of the legal fees, we infer from finding No. 15 that the court found that she was liable only for the tax preparation as "operating expenses." Smedinghoff testified that she was told there were no expenses to her for joining the partnership. The trial court reasonably could find, therefore, that Smedinghoff was not liable for the legal fees in forming the partnership. Because Turpin's bills were based only on estimates of expended time, the trial court's finding that $500 per return was a reasonable expense is supported by substantial evidence.

*The trial court erred in awarding attorney's fees.* The trial court found that Turpin technically had breached both the partnership agreement and his fiduciary duty to Smedinghoff by failing to disclose all material facts that may have affected the partnership. While that finding is supported by

substantial evidence, the court made no finding that Smedinghoff was harmed by the breach, that Turpin acted in bad faith, or that any unauthorized acts taken by Turpin were unreasonable or unnecessary. The only harm alleged by Smedinghoff was that, had she known she was obligated to pay one-half of TCG's accounting fee, she could have avoided such expense by having a family member prepare the partnership tax returns. Also, she had to pay attorney's fees to defend the dissolution of partnership action. The court apparently based its conclusion that Smedinghoff should be awarded attorney's fees solely on the fact that Smedinghoff established that Turpin technically breached the partnership agreement by failing to get advance approval for accounting services and for opening a bank account for TCG. Turpin argues that in *Bassett v. Bassett,* 110 N.M. 559, 798 P.2d 160 (1990), the case in which this Court allowed an award of attorney's fees as an exception to the American Rule (that parties must pay their own attorney's fees absent a statute, court rule, or agreement to the contrary) in breach of partnership agreement cases, the rationale was that one partner had suffered harm as a result of the breach.

—*Analysis of Bassett.* In *Bassett,* the trial court imposed a constructive trust on certain property, finding that partnership funds were used to purchase the property, and that one partner had committed constructive fraud in wanton disregard of the other partner's rights. Acknowledging the American Rule, this Court adopted an exception announced by the Washington Supreme Court in *Hsu Ying Li v. Tang,* 87 Wash.2d 796, 557 P.2d 342 (1976) (en banc). *Bassett,* 110 N.M. at 564, 798 P.2d at 165. In *Hsu Ying Li,* one partner's breach of fiduciary duty amounted to constructive fraud. The other partner sued to preserve the partnership assets and to prevent the breaching partner from commingling partnership funds with his separate funds. The court in *Hsu*

*Ying Li* held that "[a] partner should share the expense of a lawsuit when he breaches his fiduciary duty to the other partners." 557 P.2d at 346. In *Bassett,* this Court stated that we "read our statutes as requiring strict compliance between partners in their duty to deal with one another as fiduciaries fully, honestly and openly," and, purporting to "follow the exception to the general rule ... as stated in *Hsu Ying Li,*" held that "[w]here one partner breaches the fiduciary duty owed another partner ... it is within the equitable jurisdiction of the court to consider an award of attorney fees to the aggrieved partner." 110 N.M. at 564, 798 P.2d at 165.

—*Washington cases interpreting or distinguishing Hsu Ying Li.* In *Seattle School District No. 1 v. State,* 90 Wash.2d 476, 585 P.2d 71 (1978) (en banc), a case in which the plaintiff asked the court to use its equitable powers as it had in *Hsu Ying Li,* the court distinguished *Hsu Ying Li* because there had been no allegation or proof of constructive fraud and no creation of a common fund. *Id.* at 107. A later Washington Supreme Court case interpreting *Hsu Ying Li* held that the award of attorney's fees in *Hsu Ying Li* was "only superficially based on proof of constructive fraud.... The actual award stemmed from the prevailing party having preserved partnership assets, i.e., an identifiable fund." *ASARCO, Inc. v. Air Quality Coalition,* 92 Wash.2d 685, 601 P.2d 501, 520 (1979) (en banc).[1]

In *In re Estate of Kruse,* 19 Wash.App. 242, 574 P.2d 744, *rev. denied,* 90 Wash.2d 1017 (1978), the estate of a partner requested attorney's fees in an action for accounting because the surviving partner failed to wind up partnership affairs. The court distinguished *Hsu Ying Li* on the basis of the nature of the suits. *Id.* 574 P.2d at 749.

Citing *Hsu Ying Li* as authority, the plaintiff in *Perez v. Pappas,* 98 Wash.2d 835, 659

---

**1.** New Mexico courts have long recognized the "common fund exception" to the American Rule. *See Las Vegas Ry. & Power Co. v. Trust Co.,* 17 N.M. 286, 291, 126 P. 1009, 1010 (1912), *error dismissed,* 238 U.S. 645, 35 S.Ct. 792, 59 L.Ed. 1503 (1914).

P.2d 475 (1983) (en banc), argued that he should be awarded attorney's fees incurred in suing his attorney for breach of fiduciary duty. There, the plaintiff had been financially harmed through the breach of fiduciary duty, but the attorney repaid the plaintiff before trial. The court held that because the plaintiff had been repaid, no attorney's fees were awardable. *Id.* at 481.

■ In *Brougham v. Swarva,* 34 Wash. App. 68, 661 P.2d 138 (1983), the court focused on the question whether a partner is entitled to attorney's fees when he brings an action for accounting based on an alleged breach of fiduciary duty. The court stated that the award in *Hsu Ying Li* was based on the "common benefit/common fund theory," and because there was no proof of an attempt to preserve the common fund or of constructive fraud, the partner was not entitled to attorney's fees even if a breach of fiduciary duty had been committed. *Id.* at 141–42; *see also Kelly v. Foster,* 62 Wash. App. 150, 813 P.2d 598, 601 (holding that breach of fiduciary duty alone does not mandate award of attorney's fees), *rev. denied,* 118 Wash.2d 1001, 822 P.2d 287 (1991). We thus see that in Washington an award of attorney's fees for breach of fiduciary duty based on the *Hsu Ying Li* exception is limited to situations either of constructive fraud with resulting harm or of the preservation of a common fund.

—*Policy of this Court regarding use of inherent equitable powers to award attorney fees.* This Court has been reluctant to extend awards of attorney's fees except in limited circumstances. In *Gregg v. Gardner,* 73 N.M. 347, 360, 388 P.2d 68, 77 (1963), for example, we stated that attorney's fees are awarded only in "rare instances." Although this Court has affirmed without analysis a trial court's determination that a corporation should pay attorney's fees for its two warring principals in a declaratory judgment action,

*see Marron v. Wood,* 55 N.M. 367, 380, 233 P.2d 1051, 1060 (1951),[2] we have declined to extend an award of attorney's fees based on equitable considerations to other situations, *see Martinez v. Martinez,* 101 N.M. 88, 93, 678 P.2d 1163, 1168 (1984) (reversing award of attorney fees for breach of real estate contract and declining to expand *Marron* ). In *Gurule v. Ault,* 103 N.M. 17, 702 P.2d 7 (Ct.App.1985), the trial court used its inherent equitable powers to award attorney's fees in an attempt to discourage bringing actions in bad faith. *Id.* at 19, 702 P.2d at 9. The Court of Appeals reversed, implying that the basis for award did not fit into any of the recognized exceptions to the American Rule. *Id.*

In light of the interpretation of the Washington cases and our reluctance to award attorney's fees absent an express statute, court rule, or contract providing for such award, we clarify that *Bassett* stands for the proposition that the partnership statutes imply the basis for an award of attorney's fees only when there has been a breach of fiduciary duty as a result of constructive fraud that results in actual harm or when one partner sues in order to maintain the common fund.

■ —*Application of Bassett to this case.* Smedinghoff agreed to pay for operating costs in excess of income that did not exceed $1000 on a yearly basis. Preparation of income tax returns was a legal duty of the corporation. Therefore, the fact that Smedinghoff had to pay for the preparation of taxes caused her no harm; preparation of the taxes was a necessary activity of the partnership. Further, payment of legal fees for representation in the dissolution of partnership action was not a damage resulting from a wrongful act; it is not wrongful to seek dissolution of a partnership. Smedinghoff also requested dissolution of the partnership in her counterclaim. Smedinghoff has not proved that Turpin committed constructive

---

**2.** The Court stated, "[t]he trial court must have felt the discord and bitterness which marred operations of the [corporation's] affairs ... was in part attributable to each of the two principals still active in the [corporation]. This perhaps explains the trial court's action in declaring that the corporation should pay the attorneys' fees for each side.... We are not disposed to set aside this exercise of discretion by the trial judge." 55 N.M. at 380, 233 P.2d at 1060.

fraud that resulted in damages nor has she proved maintenance of a common fund. Thus, she is not entitled to recovery of attorney's fees under *Bassett* or under our partnership statutes.

*Conclusion.* We affirm the trial court's judgment dividing the partnership assets equally between the parties, affirm the award of $1000 in favor of Turpin, and reverse the judgment awarding attorney's fees to Smedinghoff.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and BACA, J., concur.