This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 29,345**

**EVELYN RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant is appealing from a district court order revoking her probation. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement to add a challenge to the sufficiency of the evidence. We hereby deny the motion as unnecessary. Defendant's docketing statement raised an issue (Issue 2) with citation to authority indicating that a sufficiency challenge was being raised [DS 7]; accordingly, our calendar notice treated Issue 2 as a sufficiency challenge, thereby making any motion to amend the docketing statement unnecessary. We have also considered Defendant's memorandum in opposition to our calendar notice. Not persuaded, we affirm the district court.

**HEARSAY**

Defendant continues to argue that the admission of hearsay evidence at the probation revocation hearing violated her right of confrontation. This Court recently addressed this issue in *State v. Guthrie*, 2009-NMCA-036, 145 N.M. 761, 204 P.3d 1271, *cert. granted*, 2009-NMCERT-003, 146 N.M. 604, 21 P.3d 508. The use of hearsay does not implicate the Confrontation Clause in this context, and the applicable rule is whether there was "good cause" to use this evidence, in conformance with a defendant's due process rights. *Id.* ¶¶ 9-10. Good cause is established by "(1) specifically addressing the State's problems in securing the presence of the absent witness or (2) specifically stating the reasons that the hearsay evidence offered has

particular indicia of accuracy and reliability such that it has probative value." *Id.* ¶ 14.

Here, we believe that both of these alternative grounds of establishing good cause have been met. We reach this conclusion even though the district court did not make a specific finding on good cause, because the facts are not in dispute and they support the district court's ruling. *See State v. Esparza*, 2003-NMCA-075, ¶ 13, 133 N.M. 772, 70 P.3d 762 (stating that appellate court reviews legal issues de novo where facts are not in dispute).

The challenged hearsay is the testimony of the probation officer, Jessica Cordova, who stated that she went to Yucca Lodge and was informed by counselor Skye Norton that Defendant was being discharged from the program. [DS 4] Skye Norton had preceded Cordova as a witness and had declined to provide this testimony, citing federal privacy law and Defendant's refusal to sign a release. As such, Norton was unavailable despite the State's efforts, thereby satisfying the first good cause definition stated above. In addition, Cordova was personally involved in the events leading to Defendant's arrest at Yucca Lodge and discharge from the program. [RP 173, DS 4] We believe that this indicia of accuracy and reliability was sufficient to meet the good cause showing, particularly in light of the probative nature of the

testimony and the unavailability of Skye Norton. *See Guthrie*, 2009-NMCA-036, ¶¶ 19-20 (discussing reliability and balancing of good cause factors).

**SUFFICIENCY**

Defendant continues to claim that Officer Cordova lacked personal knowledge of the probation violation. [DS 5] Based on Defendant's citation to authority [DS 7], our calendar notice construed this as a challenge to the sufficiency of the evidence to support the revocation. The standard of proof in a probation revocation proceeding is proof "'which inclines a reasonable and impartial mind to the belief that [the] defendant had violated the terms of probation.'" *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (*quoting State v. Pacheco*, 85 N.M. 778, 780, 517 P.2d 1304, 1306 (Ct. App. 1973).

Defendant was charged with violating the condition of probation that required her to successfully complete an in-patient program at Yucca Lodge. [RP 170, 173] Officer Cordova personally took part in Defendant's discharge from the program and her arrest. [RP 173, DS 4] In addition, as stated above, the district court could also rely on Cordova's testimony concerning the statements made to her by Skye Norton. As such, her testimony was sufficient to support a reasonable belief that Defendant had been discharged from the program. We also note that the district court

4

specifically relied on the details of the violation as set forth in the report, which indicate a willing violation of probation. [RP 214, 173]

**SUPPLEMENTAL INFORMATION**

Defendant continues to claim that the district court should have permitted her to conditionally enter an admission to the supplemental information, reserving the right to challenge the information if she should prevail on appeal. [MIO 9; DS 5] In light of our affirmance of the district court's order revoking probation, this issue is moot.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**CELIA FOY CASTILLO, Judge**