This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **NO. 28,677 consolidated with 28,731**

**ORLANDO M.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Donald C. Schutte, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Orlando M. (Child) appeals from the revocation of his juvenile probation. He argues that the district court made the following errors: (1) deprived him of a fair and impartial probation revocation hearing; (2) incorrectly admitted hearsay testimony in violation of his confrontation rights; (3) did not have substantial evidence to support the revocation; and (4) abused its discretion at sentencing. We hold the district court erred by violating Child's fundamental right to a fair and unbiased hearing. Since this first issue is dispositive of Child's appeal, we refrain from addressing his remaining arguments. We reverse and remand to the district court for further proceedings.

**BACKGROUND**

Subsequent to a guilty plea entered on November 28, 2007, Child was committed to the legal custody of the Children, Youth, and Families Department (CYFD) for an indeterminate period not to exceed two years. This sentence was suspended on the condition that Child be placed on supervised probation for two years pursuant to certain terms and conditions of probation.

In January 2008, new adult criminal charges were filed against Child, and a bench warrant was issued for his arrest. In April, the State also filed a petition to revoke Child's juvenile probation, and the district court issued a bench warrant for Child's arrest based on Child's failure to comply with the conditions of his probation. Several weeks later, the court held a hearing to address both the probation revocation

and the new criminal charges. Prior to the hearing, the State and Child reached a plea agreement to resolve both the juvenile probation revocation case and the new adult criminal charges, and they presented the proposed plea agreement to the court. The court rejected the plea agreement at the hearing, stating:

> I advised [Child] that he had one last break as a juvenile and despite my, probably my inclination, I agreed to the terms that were provided at that time for intensive supervision and that time I specifically talked to [Child] and had him assure me that he could follow through with those terms. He obviously did not. I am not going to accept this agreement.

The court continued:

> Given the background of this matter, and I reviewed these files again this morning, it appears that in the time that these cases have been pending, [Child] has done nothing but flaunt the chances that he has been given, and then when he is finally called to task . . . he flees and then he commits a new crime as an adult also apparently flaunting the system, and I'm not inclined to accept this agreement.

The parties and the court discussed other possible dispositions, and the court concluded, "I see no reason why the citizens of Quay County should pay for [Child's] incarceration for the next six months. There are state facilities to take care of that."

After the district court's rejection of the plea agreement and the above statements, the court proceeded with an arraignment on the criminal charges followed seconds later with the probation revocation hearing. The court entered a not guilty plea on Child's behalf at the arraignment since Child had not seen the criminal information prior to the hearing. At the subsequent probation revocation hearing, the

court heard testimony from one State witness, Child's juvenile probation officer. At the close of the evidence, the court found that Child had violated the terms of his probation agreement. The State recommended a one-year commitment for Child, and Child asked for a return to probation or a fifteen-day commitment. The court then committed Child to the custody of CYFD for a period not to exceed two years.

**DISCUSSION**

**Judicial Bias Amounting to Fundamental Error**

Child argues that the district court prejudged his case and, therefore, deprived him of his right to a fair and impartial revocation hearing. Child acknowledges that his argument was not preserved at the probation revocation hearing. However, Rule 12-216(B)(2) NMRA permits review of unpreserved arguments involving fundamental error or fundamental rights of a party.

As stated in *State v. Pacheco*, 85 N.M. 778, 780, 517 P.2d 1304, 1306 (Ct. App. 1973),

> Every litigant is entitled to a fair and impartial trial. A fair and impartial trial, the very desideratum of the administration of justice, is a judicial process by which a court hears before it decides; by which it conducts a dispassionate inquiry, and renders judgment only after trial. The antithesis of a fair and impartial trial is prejudgment by a court. A tendency to prejudge, or a prejudgment of a particular controversy, or of a class or character of cases only sucks the administration of justice down into the eddy of disrepute.

(internal quotation marks and citation omitted). The fundamental right to a fair and

4

impartial trial applied to Child's probation revocation hearing. *See* NMSA 1978, § 32A-2-24(B) (1993) (amended 2009) ("[P]roceedings to revoke probation shall be governed by the procedures, rights and duties applicable to proceedings on a delinquency petition."); *In re Aaron L.*, 2000-NMCA-024, ¶ 21, 128 N.M. 641, 996 P.2d 431 ("In [juvenile] probation revocation proceedings, the right to a trial may be construed to be the right to a hearing[.]"); *Pacheco*, 85 N.M. at 780, 517 P.2d at 1306 (determining that the defendant was deprived of "his fundamental right of a fair hearing before an impartial tribunal" at a probation violation hearing). Because Child's argument involves a fundamental right to a fair and impartial hearing and because we have concerns that this right was violated, we address the merits of Child's argument. *See* Rule 12-216; *In re Aaron L.*, 2000-NMCA-024, ¶ 11 (reviewing under the fundamental right exception the child's due process argument stemming from a probation violation hearing even though the issue was not preserved).

Child had the unequivocal right to a fair probation revocation hearing before an impartial judge. *See State v. Orquiz*, 2003-NMCA-089, ¶ 16, 134 N.M. 157, 74 P.3d 91 ("The right to be heard by a neutral and detached hearing officer is among the minimum due process requirements of a revocation hearing."); *see also* Rule 5-106(G) NMRA ("No district judge shall sit in any action in which the judge's impartiality

may reasonably be questioned under the provisions of the Constitution of New Mexico or the Code of Judicial Conduct, and the judge shall file a recusal in any such action."); Rule 21-400(A) NMRA ("A judge is disqualified and shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned[.]"). "A reasonable and impartial mind is one which hears before it condemns, which proceeds on inquiry, and only renders a decision after hearing all the evidence." *Pacheco*, 85 N.M. at 780, 517 P.2d at 1306. "If a judge represents, before a hearing, that he or she has made definite findings, it is an indication that the judge is not neutral." *Orquiz*, 2003-NMCA-089, ¶ 16; *see Purpura v. Purpura*, 115 N.M. 80, 83, 847 P.2d 314, 317 (Ct. App. 1993) ("[A] fair and impartial tribunal requires that the trier of fact be disinterested and free from any form of bias or predisposition regarding the outcome of the case." (internal quotation marks and citation omitted)).

The record from Child's rejected plea agreement proceeding demonstrates that prior to his probation revocation hearing, the court had already decided that Child had violated his probation. Based on Child's apparent willingness to plead guilty to the new criminal charges, the court determined that Child "obviously did not" follow through with the terms of his probation. The court made this conclusion before it had been presented with any evidence of Child's probation violation.

The court also indicated that he had already considered the disposition for Child's probation violation. Prior to the probation revocation hearing, the parties discussed potential dispositions. The court then indicated that it could find no reason to commit Child to a detention facility in Quay County where the citizens of the county would have to pay the incarceration costs. Instead, the court wanted to commit Child to a state facility. The court later carried out this predetermined sentence at Child's probation revocation hearing when it committed Child to no more than two years in CYFD custody. As further evidence of its bias and predetermination against Child, the court dismissed the State's recommendation for a one-year commitment.

The court's comments and ruling indicate that it had already made a decision regarding the outcome of the probation revocation hearing before the hearing even began. Its pre-hearing statements about Child's guilt in violating probation and the resulting disposition demonstrate that the court was not impartial going into the hearing. As a result, Child was denied a fair and impartial hearing in violation of his constitutional rights. *See Orquiz*, 2003-NMCA-089, ¶ 16 (reversing and remanding the revocation of the defendant's probation because the district court made an unequivocal, definite finding on the record prior to the revocation hearing indicating that the court had prejudged the defendant prior to the defendant having an opportunity to be heard at the revocation hearing); *Pacheco*, 85 N.M. at 780, 517 P.2d

at 1306 (concluding that to make arrangements for defendant's incarceration with the deputy warden prior to the probation hearing was a denial of his fundamental right to a fair hearing because it prejudged the probation revocation hearing); *see also State v. Bonilla*, 2000-NMSC-037, ¶ 15, 130 N.M. 1, 15 P.3d 491 (reversing the defendant's sentence upon evidence that the district court had prejudged his sentence based on the defendant's decision to have a jury trial). By denying Child the fundamental right to a fair and impartial probation revocation hearing, a miscarriage of justice occurred that rose to the level of fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633 (explaining that fundamental error applies to prevent a miscarriage of justice and "must go to the foundation of the case or take from the defendant a right which was essential to his defense" (internal quotation marks and citation omitted)).

**CONCLUSION**

We reverse the revocation of Child's probation and remand to the district court for such further proceedings as may be necessary.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

8

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**ROBERT E. ROBLES, Judge**