This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 30,385**

**LEANDRO SAIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant Leandro Saiz appeals from the judgment and order of probation revocation, commitment, and unsatisfactory discharge from probation. [RP 127]

Defendant raises one issue on appeal, contending that the district court erred in finding Defendant was in violation of his probation agreement, standard condition No. 1 (domestic violence), when no charge(s) from the allegations of the dismissed November 11, 2009, criminal complaint, previously filed in the Bernalillo County Metropolitan Court, were shown to be pending against Defendant at the time of the evidentiary hearing on the motion to revoke Defendant's probation. [DS 3]

This Court's calendar notice proposed summary affirmance. [CN 1] Defendant has filed a memorandum in opposition that we have duly considered. Unpersuaded, however, we affirm.

**DISCUSSION**

"We review the trial court's decision to revoke probation under an abuse of discretion standard." *State v. Jimenez,* 2003-NMCA-026, ¶ 7, 133 N.M. 349, 62 P.3d 1231 (internal quotation marks and citation omitted), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461.

In the docketing statement and the memorandum, Defendant cites *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), as authority in support of his appeal. [DS 4; MIO 2] In his memorandum, Defendant continues to argue that the district court's conclusion that he had violated his probation was not supported by the

evidence. [MIO 2] Defendant points out that while several witnesses testified that Defendant had been consuming alcohol and there was a physical altercation between Defendant and his sister, three other witnesses testified for Defendant that he was not drinking and there was no fight. [MIO 1] Defendant urges this Court to find that the district court's conclusion was not supported by substantial evidence and must be reversed. [MIO 2] We are not persuaded.

The record proper indicates that before the probation violation at issue in this case, Defendant had been incarcerated for ninety days for a prior violation of his probation involving battery of a household member, pursuant to a judgment filed on June 25, 2009. [RP 86] After Defendant was released, he was arrested on new charges, pursuant to a notice filed on December 2, 2009. [RP 89] The State filed a motion to revoke Defendant's probation relating to the new charges on December 9, 2009. [RP 90] The State's motion was supported by a report prepared by a probation officer that set forth the details of Defendant's violations of several standard conditions of his probation agreement, including (1) standard condition No. 1 (domestic violence—battery against a household member for allegedly punching his sister in the face while drunk); (2) standard condition No. 5 (failure to complete the intensive supervision programs by acquiring new charges of domestic violence, intimidation of a witness, battery on a household member, and consuming alcohol);

and (3) standard condition No. 15 and special condition no alcohol (consuming alcohol). [RP 98] All of the violations were reported to have occurred on November 28, 2009. [RP 98-99] In addition, a criminal complaint containing the same allegations was filed against Defendant on November 29, 2009. [RP 100] Defendant was arraigned on the charges and incarcerated on December 21, 2009. [RP 105-07] After a hearing, the district court entered the judgment and order on April 7, 2010, revoking Defendant's probation. [RP 127]

While in the docketing statement Defendant refers to the dismissal of criminal charges relating to alleged incidents that occurred on November 11, 2009, as discussed earlier, the record proper indicates that Defendant's probation was revoked based on events that occurred on November 28, 2009. In addition, the record proper does not indicate whether the criminal complaint filed against Defendant as a result of the incidents that occurred on November 28, 2009, remains in effect.

In any case, however, with regard to proving a violation of probation, the burden is on the State to establish that a violation of probation occurred with a "reasonable certainty." *State v. Phillips*, 2006-NMCA-001, ¶ 17, 138 N.M. 730, 126 P.3d 546 (filed 2005). The proof must be "that which inclines a reasonable and impartial mind to the belief that [the] defendant had violated the terms of probation." *State v. Pacheco*, 85 N.M. 778, 780, 517 P.2d 1304, 1306 (Ct. App. 1973). As such,

4

the burden of proof is not beyond a reasonable doubt as in criminal prosecutions, and it is of no consequence whether criminal charges remained in effect so long as the State presented evidence that "inclines a reasonable and impartial mind to believe" that Defendant had violated his probation. *State v. Galaz*, 2003-NMCA-076, ¶ 8, 133 N.M. 794, 70 P.3d 784 (internal quotation marks and citation omitted).

The record proper indicates that at the hearing to revoke Defendant's probation, the State called the persons who had witnessed the events of November 28, 2009, and whose statements had provided the bases for the probation officer's violation report and the State's motion to revoke Defendant's probation. [RP 118, 90, 98, 100] Therefore, the State presented evidence from which the district court as fact finder could have reasonably concluded that Defendant had violated the conditions of his probation. To the extent that three witnesses testified on behalf of Defendant, stating that Defendant was not drinking and that there was no fight [MIO 1], it is well-established that the fact finder, here the district court, weighs the evidence and determines the credibility of the witnesses. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) ("Contrary evidence supporting acquittal does not provide a

basis for reversal because the [fact finder] is free to reject [the d]efendant's version of the facts.").

**CONCLUSION**

We hold that the district court did not abuse its discretion in revoking Defendant's probation.   Therefore, we affirm.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**CELIA FOY CASTILLO, Judge**