This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.
NO. A-1-CA-37216

**MARTIN LIBBY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Martin Libby appeals his conviction for driving while under the influence (DWI) of intoxicating liquor or drugs contrary to NMSA 1978, Section 66-

8-102(C)(l) (2016). This Court's calendar notice proposed to summarily affirm. Defendant filed a memorandum in opposition to this Court's proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     Defendant continues to argue that there was insufficient evidence for the jury to find beyond a reasonable doubt that he was driving or operating a motor vehicle, a required element to support a finding of guilt for DWI.   Defendant asserts that aside from the fact that the key was in the ignition and he was in the driver's seat, there was no evidence that he drove or intended to drive, particularly given his explanation that he was installing the car radio and did not intend to drive. [MIO 6-7] While this constituted conflicting evidence, we disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Apodaca*, 1994-NMSC-121, ¶ 5, 118 N.M. 762, 887 P.2d 756 ("Only the jury may resolve factual discrepancies arising from conflicting evidence.").

{3}     Defendant also continues to argue that the State failed to prove past driving because the only witness describing the surveillance video acknowledged it did not clearly depict Defendant. [MIO 7-8] *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1; *See State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982. The jury was free to give whatever weight it chose to give the surveillance video admitted by the district court, and "it becomes a jury determination as to the accuracy

of a witness' identification." *State v. Flores*, 2010-NMSC-002, ¶ 60, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted). We do not reweigh the evidence, "[n]or may we substitute our judgment for that of the jury." *Apodaca*, 1994-NMSC-121, ¶ 5.

**{4}** In the alternative, Defendant argues that even if the surveillance video is sufficient to prove he drove the car to the Walmart parking lot, it does not prove that he was impaired at that time, since the State failed to prove he had already consumed alcohol before arriving. [MIO 9] Defendant relies on *State v. Cotton*, 2011-NMCA-096, ¶ 14, 150 N.M. 583, 263 P.3d 925, for the contention that, like that case, the State here failed to establish that he drove after he had consumed alcohol. [Id.] However, in *Cotton*, the defendant's car was discovered parked on the side of the road, with the defendant sitting in it intoxicated. The court determined that evidence alone, without more, did not prove the defendant drove while impaired. *Id.* However, in this case, there was evidence that the surveillance video showed Defendant driving the car to the Walmart parking lot forty-five minutes prior to the dispatch; when the officer arrived shortly after, he observed alcohol containers inside the car; and Defendant made statements that he consumed alcohol. [DS 2] We propose to conclude that there was sufficient evidence to prove the State's theory that Defendant drove

3

before the officer made contact with him and that he was impaired at that time. *Apodaca*, 1994-NMSC-121, ¶¶ 3, 5.

{5}    For these reasons, and those stated in the notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**DANIEL J. GALLEGOS, Judge**