This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39474

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**TONI C.,**

Respondent-Appellant,

and

**JACOB W and JEROME B.,**

Respondents,

**IN THE MATTER OF KENDAL B.,
KYLIE B. and ARIES W.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Cristina T. Jaramillo, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Deborah Gray Law, LLC
Deborah Gray
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Toni C. (Mother) appeals from a district court judgment terminating her parental rights with respect to her three children (Children). Mother contends that (1) Children, Youth & Families Department (the Department) failed to present sufficient evidence that it made "reasonable efforts" to assist Mother in remedying her neglect of Children and the causes of that neglect, *see* NMSA 1978, § 32A-4-28(B)(2) (2005); and (2) the district court failed to act as an impartial decision-maker in contravention of Mother's right to due process of law. We affirm.

**I.      Mother's Sufficiency of the Evidence Argument Is Inadequately Developed to Warrant Review**

**{2}** We first address Mother's contention that insufficient evidence supports the district court's conclusion that the Department fulfilled its obligation to make "reasonable efforts . . . to assist [Mother] in adjusting the conditions that render[ed] [Mother] unable to properly care for [Children]." Section 32A-4-28(B)(2). The applicable standard of review requires us to view the evidence in the light most favorable to the Department and ask whether the district court could "properly determine" that the Department proved by clear and convincing evidence that its efforts were reasonable. *State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 36-38, 421 P.3d 814 (internal quotation marks and citation omitted). "Efforts to assist a parent may include individual, group, and family counseling, substance abuse treatment, mental health services, transportation, child care, and other therapeutic services." *Id.* ¶ 41 (internal quotation marks and citation omitted). The reasonableness of the Department's efforts to assist a parent depends on "the totality of the circumstances." *Id.* (explaining that "Section 32A-4-28(B)(2) does not enumerate the specific methods of assistance that are sufficient to constitute reasonable efforts"). "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859.

**{3}** The district court supported its conclusion that the Department made reasonable efforts to assist Mother with findings of fact regarding the Department's efforts to provide Mother with services. Mother's counsel nowhere challenges these findings. Nor does Mother's counsel develop any argument addressing the efforts that the Department did make to assist her in remedying the causes of her neglect of Children and explaining why, given the totality of the circumstances, those efforts were deficient.

**{4}** What Mother's counsel does present is a narrow argument that is both unsupported and underdeveloped: a contention that the evidence was insufficient to prove reasonable efforts because the Department unjustifiably removed Children from a relative placement in West Virginia and, following Children's return to foster care in New Mexico, sought termination of Mother's parental rights rather than a different placement (or kinship guardianship) with relatives in Florida. We decline to reach the merits of this argument. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments[] or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). In the first place, Mother's counsel fails to explain how the Department's decisions regarding relative placements have any bearing on whether the Department has made "reasonable efforts . . . to assist the parent in adjusting the conditions that render the parent unable to properly care for the child." Section 32A-4-28(B)(2).[1] And, even assuming that there may be instances in which the Department's pursuit of relative placement factors into this reasonable efforts analysis, Mother fails to explain how any shortcomings in the Department's placement decisions in this case outweigh the Department's other efforts to assist Mother. Given the deficiencies in Mother's brief and the narrow argument presented, we reject Mother's sufficiency of the evidence challenge as undeveloped.

---

[1] Mother's counsel cites this Court's opinion in *State ex rel. Children, Youth & Families Department v. Laura J.*, 2013-NMCA-057, ¶ 56, 301 P.3d 860, as support for her assertion that "the Department's 'reasonable efforts' [obligation] includes a diligent search for next-of-kin, as well as placement of Children with relatives when possible." But *Laura J.* undercuts, rather than supports, Mother's argument insofar as Mother is challenging the termination of her parental rights. There, this Court *affirmed* the termination of the appellant-mother's parental rights despite the Department's "fail[ure] to make reasonable efforts to locate and identify relatives for placement." *Id.* ¶¶ 55-57. And, on the path to affirmance, the Court rejected an argument similar to the one that Mother makes here: it expressly "agree[d] with the district court's determination" that the Department's failures to consider relative placement at the permanency stage of an abuse and neglect proceeding "were not relevant to the decision to terminate [the appellant-m]other's parental rights." *Id.* ¶ 57. *But cf. id.* (stating that the appellants had not "presented any persuasive argument or authority to show that the Department's failures, at the permanency stage, to consider [relative] placement . . . require[d] reversal of the order terminating [the appellant-m]other's parental rights"); *State ex rel. Child., Youth & Fams. Dep't v. Casey J.*, 2015-NMCA-088, ¶ 83, 355 P.3d 814 (Wechsler, J., specially concurring) (observing that, "theoretically," a father "could have raised the issue of [his c]hildren's placement . . . by alleging a violation of the 'active efforts' requirement" of the Indian Child Welfare Act (ICWA)—"[i]n other words, [that the f]ather could have posited that CYFD's failure to follow the ICWA's placement preferences impacted his ability to meet the requirements of the Department's remedial services and rehabilitative programs"). Although *Laura J.* also involved the Department's obligation to employ reasonable efforts in pursuit of relative placement, the source of that obligation was not the termination statute but rather NMSA 1978, Section 32A-4-25.1(D) (2009, amended 2016), which imposed a standalone "duty upon the district court to make a serious inquiry into whether the Department has complied with its mandate to locate, identify, and consider relatives with whom to place children in its custody" at the permanency stage of an abuse and neglect proceeding. *Laura J.*, 2013-NMCA-057, ¶ 61; § 32A-4-25.1(D) (2009, amended 2016) (requiring district courts to determine whether the Department made "reasonable efforts" "to identify and locate all grandparents and other relatives" and "conduct home studies on any appropriate relative expressing an interest in providing permanency for the child"). As the Department notes, the Legislature amended the Children's Code in 2016, removing that requirement and providing instead that district courts must make findings regarding "reasonable efforts" as to relative placements at the dispositional hearing, which is an earlier stage of an abuse and neglect proceeding. *See* § 32A-4-25.1 (2016); NMSA 1978, § 32A-4-22(A)(6), (J) (2016).

## II. Mother Has Failed To Demonstrate that She Was Denied the Due Process Right to an Impartial Decision-Maker

{5}     Mother further contends that her right to due process of law was violated because the district court judge presiding over the hearing on the termination of Mother's parental rights did not act as an impartial decision-maker.[2] *See generally Reid v. N.M. Bd. of Exam'rs of Optometry*, 1979-NMSC-005, ¶ 7, 92 N.M. 414, 589 P.2d 198 ("At a minimum, a fair and impartial tribunal requires that the trier of fact be disinterested and free from any form of bias or predisposition regarding the outcome of the case."). Specifically, Mother argues that the district court improperly "made up [its] mind about Mother even before hearing her case." As evidence of the district court judge's alleged predisposition against her, Mother points to two comments made by the judge after hearing the parties' arguments on Mother's counsel's motion for a directed verdict, which the judge then denied.

{6}     Mother has not persuaded us that the district court's comments demonstrate a lack of fairness and impartiality requiring reversal. To prevail on her due process claim, Mother must overcome the "presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975). The district court's statements reflect its view of the evidence that had been presented at the time the statements were made but do not indicate that the court had prejudged the outcome of Mother's termination of parental rights trial or that the court would be unreceptive to any evidence Mother could present that would support a contrary view. *Cf. In re Byrnes*, 2002-NMCA-102, ¶ 30, 132 N.M. 718, 54 P.3d 996 (reasoning that "by making definite findings before hearing any testimony," a district court judge had "indicat[ed] that she was not neutral, but instead had a predisposition toward ruling against [the appellant]"). Mother has not provided us with any authority suggesting that similar remarks suffice to demonstrate constitutionally offensive prejudgment—or, for that matter, with any explanation of how the remarks in this case are sufficient to do so. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."); *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). We conclude that Mother has failed to rebut the presumption that the district court acted as an impartial decision-maker and accordingly reject Mother's claim that she was denied due process.

---

2In response to Mother's contention that we should review this unpreserved issue for plain error, the Department argues that the issue is unreviewable because the doctrine of plain error applies only to evidentiary matters. Because we conclude that Mother has failed to demonstrate an improper bias on the part of the district court, we find it unnecessary to decide whether the Court has the discretion to reach Mother's argument under either the plain error doctrine or a different exception to the preservation requirement contained in Rule 12-321(A) NMRA. *Cf. State v. Pacheco*, 1973-NMCA-155, ¶¶ 5-10, 85 N.M. 778, 517 P.2d 1304 (reviewing a criminal defendant's claim that, in a probation revocation proceeding, he had been denied "the fundamental right of a fair hearing before an impartial tribunal" because the claim "clearly" fell within the fundamental rights exception to the preservation requirement).

**CONCLUSION**

**{7}** We affirm.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**