2003-NMCA-089

74 P.3d 91

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Saul ORQUIZ, Defendant–Appellant.**

**No. 23,103.**

Court of Appeals of New Mexico.

May 14, 2003.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Laurel A. Knowles, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} In this opinion, we discuss whether the failure to serve a jail sentence can be considered a violation of a condition of probation and whether the judgment and sentence originally issued by the trial court clearly defined the requirements of Defendant's sentence. We also discuss the adequacy of the notice to Defendant of the alleged probation violations. Finally, we discuss whether a new judge should hear the matter on remand because there was an appearance that the trial court prejudged that Defendant violated his probation and predetermined Defendant's punishment. We reverse Defendant's probation revocation, we remand for reinstatement of Defendant's probation, and we determine that a new judge is required to preside over further proceedings in this case.

## FACTS

{2} Defendant pleaded guilty to misdemeanor aggravated battery against a household member. Pursuant to his plea agreement, he was to be sentenced to 364–days, all but eighteen days suspended, to be served on weekends and days off. The Judgment and Sentence, entered on October 22, 2001, states that Defendant "is sentenced to Three Hundred and Sixty–Four (364) days to be served in the Eddy County Detention Center" and that "Defendant's sentence shall be suspended with the exception of Eighteen (18) days to be served on his days off from work or on weekends in the Eddy County Detention Center, Carlsbad, New Mexico. The remainder of Defendant's sentence shall be served on unsupervised probation." The Judgment and Sentence further states, "[a]s a condition of his probation, Defendant must attend and successfully complete an Anger Management Program as ordered by the Adult Probation and Parole Office and shall not consume any alcohol during his period of probation."

{3} Defendant arranged through the Artesia city jail administrator to serve his jail time there instead of in the Eddy County facility. The administrator and Defendant worked out a schedule which anticipated that Defendant would complete his eighteen days of incarceration in early November 2001. In fact, Defendant had only served a total of twenty-four hours by February 18, 2002, when he was arrested on a bench warrant issued for "failure to serve jail sentence." After a hearing, Defendant's probation was revoked because the trial court found that the "judgment and sentence that I handed down have been completely obviated and frustrated by the conduct of [Defendant]." It is apparent from the remarks that the trial court made at the conclusion of the hearing that it determined that Defendant did not serve his eighteen days of incarceration as required, that he did not complete the anger management program, and that he did not plan to serve his jail time in the Eddy County facility. Defendant appeals the revocation of his probation and asks for a new hearing in front of a new judge.

## STANDARD OF REVIEW

{4} We review a trial court's probation revocation decision under an abuse of discretion standard. *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct.App.1989). "To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *Id.*

## REVOCATION OF PROBATION

### Failure to Serve Jail Sentence

{5} The order revoking Defendant's probation declares only that Defendant violated the conditions of his probation. Defendant argues, and the State agrees, that his eighteen days of incarceration could not be a condition of his probation. *See State v. Martinez*, 99 N.M. 248, 250, 656 P.2d 911, 913 (Ct.App.1982) ("[A] sentence of imprisonment cannot be a condition of probation."). The State argues that, since the eighteen days of incarceration is fairly interpreted as a condition of probation, the entire sentence is illegal and should be invalidated. Defendant's argument is that the eighteen days was simply his sentence and therefore the completion or incompletion of the sentence could not be considered as grounds for revoking his probation. Defendant further argues that he did not fail to complete his sentence because

the trial court did not mandate any time frame for serving the sentence, and he had seven months remaining on his 364–day sentence in which to complete serving his eighteen days.

{6} We first determine that Defendant's sentence is legal. The trial court only has authority to sentence as provided by statute. *State v. Dominguez*, 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.1993). Defendant pleaded guilty to aggravated battery against a household member, contrary to NMSA 1978, § 30–3–16(B) (1995). This is a misdemeanor, punishable by a definite term of less than one year. NMSA 1978, § 31–19–1(A) (1984). If the sentence given is suspended or deferred, the trial court shall order supervised or unsupervised probation for all or some portion of the period of deferment or suspension. Section 31–19–1(C). The trial court sentenced Defendant to 364 days in the Eddy County Detention Center, suspended the sentence with the exception of eighteen days to be served on Defendant's days off from work or on weekends, and ordered Defendant to serve the remainder of his sentence on unsupervised probation. This sentence is in accord with the statutes cited above, and is therefore appropriate and legal.

{7} We next determine that there is no ambiguity in the plea agreement regarding Defendant's sentence. "A plea agreement is a unique form of contract the terms of which must be interpreted, understood, and approved by the trial court." *State v. Mares*, 119 N.M. 48, 51, 888 P.2d 930, 933 (1994). Upon review, we construe the terms of the plea agreement according to what Defendant reasonably understood when he entered the plea. *Id.* Here, neither the plea agreement nor the judgment and sentence explicitly describe when the eighteen days should be served. The judgment and sentence states only that the eighteen days are to be served on Defendant's days off from work or on weekends. During the discussion at the plea hearing, the trial court asked Defendant if the weekends would be "a continuous type deal," and Defendant responded that he was just starting his own business and could not be specific about the days and

weekends he could serve. Even the schedule worked out with the Artesia jail administrator was deemed tentative and "not locked in stone." Indeed, in the printed schedule, the administrator acknowledged that Defendant "had longer tha[n] this to serve the [eighteen] days."

{8} It is apparent that Defendant understood that he was allowed to be flexible with the timing and arrangement of his days in jail. Moreover, the trial court approved the plea agreement and rendered the sentence without specific dates for commencing and serving the eighteen days, as evidenced by the documents themselves. Accordingly, we determine that Defendant's interpretation, that he could flexibly serve his eighteen days sometime during the 364 day sentence, is reasonable. The State does not point to, nor can we determine, any support for the trial court's determination that Defendant failed to serve his jail sentence, since there was nearly seven months remaining on his sentence when the bench warrant was issued. In the future, if the trial court or the prosecutor wants a defendant's sentence to be served on specific dates or by a certain date, it is incumbent on them to so specify in the judgment and sentence.

{9} More important, since we have determined that the eighteen days of incarceration were not a condition of probation, the trial court's order stating that Defendant's failure to serve this time was a violation of the conditions of probation was incorrect and was an abuse of its discretion. *See Sunwest Bank v. Roderiguez*, 108 N.M. 211, 213, 770 P.2d 533, 535 (1989) (defining judicial discretion as legal discretion which must be exercised in conformity with the law). We now turn to the other grounds stated in support of the probation revocation.

### Conditions of Probation

{10} It is apparent from the transcript of the revocation hearing that the trial court also determined that Defendant's failure to complete an anger management course was a violation of the conditions of his probation. Defendant argues that he received no notice of this alleged violation, and that his right to

due process was violated when this alleged violation was introduced by the prosecutor at the revocation hearing. The State argues that Defendant has not shown any prejudice on this issue, so reversal of the probation revocation is not warranted.

{11} Minimum due process requirements in revocation hearings include written notice of the claimed violations. *State v. Sanchez*, 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct.App.1980). The bench warrant, pursuant to which Defendant was arrested and pursuant to which the revocation hearing was subsequently held, states only that Defendant must answer for "failure to serve jail sentence." The notice is silent as to any of the probation conditions included in the judgment and sentence. At the revocation hearing, the trial court denied defense counsel's objection to the prosecutor's questions regarding Defendant's failure to complete an anger management course. It is undisputed that Defendant did not receive notice of this alleged violation prior to the revocation hearing.

{12} Defendant argues that the judgment and sentence does not specify when the anger management course was to be taken, that there was no discussion at the sentencing hearing regarding when the course was to be taken, and that there was no way he could know that the trial court expected him to complete the course four months into his sentence. We determine that Defendant's lack of notice prejudiced his ability to prepare for and to advance these arguments at his revocation hearing. On remand, the trial court may not properly consider Defendant's alleged failure to complete the anger management course without notice to Defendant prior to the hearing. *See Sanchez*, 94 N.M. at 523, 612 P.2d at 1334.

**Time to Be Served in the Eddy County Facility**

{13} Defendant argues that the trial court improperly considered that he intended to serve his time in the Artesia municipal jail instead of the Eddy County Detention Center, again because he did not receive notice of this violation. The State argues that the judgment and sentence specified the sentence was to be served in the Eddy County Detention Center, and that by serving his time in another facility, Defendant was failing to serve his jail sentence, as noticed in the bench warrant. Furthermore, the State argues, Defendant had notice from the trial court at Defendant's arraignment that his failure to serve time at the Eddy County Detention Center was to be an issue at the revocation hearing.

{14} Because we have determined that Defendant's sentence cannot be a condition of probation, any alleged violation of the sentence is improper to consider as a probation violation. Therefore, to the extent the trial court seemed to consider Defendant's arrangement to serve his time at the Artesia jail to be a violation of his probation, the trial court abused its discretion.

{15} We note that though Defendant had an opportunity to present evidence on this issue at the revocation hearing, the trial court questioned the legality of Defendant's transfer from a county detention center to another facility. Because neither party had notice of this legal issue, no one advanced a persuasive argument. If Defendant is to answer to a violation of his judgment and sentence, he must receive notice of the violation and an opportunity to be heard on all of the legal and factual issues. *See id.; see also State v. Montoya*, 93 N.M. 84, 85–86, 596 P.2d 527, 528–29 (Ct.App.1979) (determining that due process accords a defendant's right to explain all mitigating factors regarding an alleged violation).

**PREJUDGMENT BY THE TRIAL COURT**

{16} Defendant argues that the trial court decided that Defendant violated his probation and decided Defendant's punishment prior to the revocation hearing. The State argues that the trial court was "understandably upset that Defendant had failed to comply with the judgment and sentence." The right to be heard by a neutral and detached hearing officer is among the minimum due process requirements of a revocation hearing. *Sanchez*, 94 N.M. at 523, 612 P.2d at 1334. If a judge represents, before a

hearing, that he or she has made definite findings, it is an indication that the judge is not neutral. *In re Byrnes,* 2002 NMCA 102, ¶ 30, 132 N.M. 718, 54 P.3d 996. At Defendant's arraignment, the trial court told defense counsel:

[Y]ou're here because this man told me he was going to go to jail; he was going to be in the Eddy County Detention Center. He ended up in Artesia and didn't even come in. Wasn't even in jail. They didn't even have him in there, and I intend to put him in jail for 364 days. He is going to serve the rest of his sentence in the detention center. I made a heck of a good deal to him, and I've been walked on and ... I'm not going to put it aside[.]

The trial court's intent to "put him in jail" for "the rest of his sentence" evinces an unequivocal, definite finding, made on the record before the revocation hearing, indicating that the trial court had prejudged this Defendant before Defendant had an opportunity to be heard. We hold that on remand a different judge must preside over Defendant's hearing. *See State v. Pacheco,* 85 N.M. 778, 780, 517 P.2d 1304, 1306 (reversing and remanding an order to revoke a suspended sentence upon determining that, by making penal arrangements for a disabled defendant's welfare before the revocation hearing, the trial court prejudged the hearing and deprived the defendant of right to a fair hearing).

## CONCLUSION

{17} We reverse the revocation of Defendant's probation, reinstate the probation, and remand to the trial court for further proceedings, if necessary, upon appropriate notice, before a different judge.

{18} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge, and CYNTHIA A. FRY, Judge.