This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 27,799**

**JAIME L., Jr.,**

    Defendant-Appellant,

and

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 27,900**

**RONALD T.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

M. Victoria Wilson, Assistant Attorney General

Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.

Robert E. Tangora

Santa Fe, NM

for Appellant Jaime L., Jr.

Chief Public Defender

Allison H. Jaramillo, Assistant Appellate Defender

Santa Fe, NM

for Appellant Ronald T.

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Jaime L. (Jaime) and his cousin, Ronald T. (Ronald), appeal their sentences. Both challenge the constitutionality of NMSA 1978, Section 32A-2-20 (2005) (amended 2009) and assert that a jury, not the district court, must determine the issue of amenability to treatment as a juvenile. Jaime also challenges the sufficiency of the evidence underlying the district court's conclusion that he is not amenable to treatment. Ronald makes a similar argument and also contends that the district court used the wrong standard of evidence to evaluate amenability. In addition, Ronald argues that his sentence was imposed in violation of NMSA 1978, Section 32A-2-17

2

(2005) (amended 2009), because the district court neither requested nor reviewed a predisposition report from the New Mexico Department of Corrections. Ronald also claims that the sentence imposed was contrary to the plea agreement. We affirm.

I.     BACKGROUND

In October 2005, Jaime and Ronald (together referred to as Children) were both fifteen years old and participated in a stabbing incident that ultimately resulted in the death of another young man. Both were charged as serious youthful offenders with second degree murder and conspiracy to commit murder. They both pled no contest to one count of second degree murder and one count of conspiracy to commit second degree murder. Each of the plea agreements contained the same waiver language, as well as identical language regarding sentencing that specified the range of dispositional alternatives to be from "juvenile disposition until age 21 . . . or up to 10 years['] incarceration as an adult."

Pursuant to Section 32A-2-20, the district court held an amenability hearing in May 2007 to determine whether Children should be adjudicated as juveniles or as adults. Dr. Noah Kaufman testified on the State's behalf and proffered his clinical assessment that neither Jaime nor Ronald was amenable to treatment as a juvenile. Dr. Christine Johnson testified on Jaime's behalf and concluded that he was amenable to treatment. Similarly, Dr. Marc Caplan testified on Ronald's behalf and offered his

3

conclusion that Ronald was amenable to treatment. A social worker from the detention center and Ronald's mother also testified on Ronald's behalf and stated that Ronald could be rehabilitated.

The district court, after considering the factors laid out in Section 32A-2-20(C), concluded that neither was amenable to treatment. The court imposed adult sanctions and sentenced Jaime to the maximum term permitted by the plea agreement: ten years' confinement, two years' mandatory parole, and five years' supervised probation. As to Ronald, the court sentenced him to fifteen years for the second degree murder charge and three years for the conspiracy charge, a total of eighteen years. The court suspended eight years of Ronald's sentence for a total of ten years' incarceration to be followed by two years' parole and five years' supervised probation.

We now proceed to the arguments Children make on appeal regarding their sentences.

**II.  DISCUSSION**

**A.  Constitutionality of Section 32A-2-20 and Waiver**

We begin with the joint argument that Section 32A-2-20 violates Children's Sixth Amendment right to trial by jury in that the statute directs the district court to make the amenability determination and impose either an adult or juvenile sentence.

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its federal progeny, and *State v. Frawley*, 2007-NMSC-057, 143 N.M. 7, 172 P.3d 144, Children claim that the amenability determination must be made by a jury. The State counters that Children waived the right to raise this objection by entering into the plea agreement, and even if there is no waiver, Section 32A-2-20 is constitutional, *State v. Gonzales*, 2001-NMCA-025, 130 N.M. 341, 24 P.3d 776, *overruled on other grounds as recognized by State v. Rudy B.*, 2010-NMSC-045, 149 N.M. 22, 243 P.3d 726, controls, and the amenability determination was properly made by the district court.

In this case, Children waived "any and all motions, defenses, objections or requests which [Children have] made or raised, or could assert hereafter, to the [c]ourt's entry of judgment and imposition of a sentence consistent with this agreement." Although the plea agreement contained this language, the record shows that the issue of waiver was raised and discussed at length below. At the outset of the amenability hearing, counsel for Jaime attempted to raise the issue of the constitutionality of Section 32A-2-20, but the district court interjected and explained that Children had waived this argument in light of the fact that they had entered a plea of no contest and accepted the terms of the plea agreement. The State agreed with this conclusion and pointed out that, as long as the plea agreement was in effect, the only issues Children could raise were jurisdictional matters. The court asked Jaime and

Ronald if they wished to withdraw their plea agreements and both responded that they did not. Generally, "a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." *State v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted).

Whether the issue was waived or not, the result is the same. In its recent case of *Rudy B.*, 2010-NMSC-045, our Supreme Court examined Section 32A-2-20 and held that the Sixth Amendment does not require a jury to perform the amenability determination, thus upholding "from constitutional challenge New Mexico's statutory preference for judge-made amenability decisions." *Rudy B.*, 2010-NMSC-045, ¶ 2. We affirm on this issue.

**B.    Substantial Evidence/Abuse of Discretion**

Children also challenge the district court's determination that they were not amenable to treatment under Section 32A-2-20(B). "Whether [a d]efendant is amenable to treatment or rehabilitation as a child is a determination ultimately left to the discretion of the district court." *State v. Todisco*, 2000-NMCA-064, ¶ 36, 129 N.M. 310, 6 P.3d 1032 (internal quotation marks and citation omitted); *see State v. Sosa*, 1997-NMSC-032, ¶ 9, 123 N.M. 564, 943 P.2d 1017 (same). "We review non-amenability findings for substantial evidence or abuse of discretion." *State v.*

6

*Trujillo*, 2009-NMCA-128, ¶ 13, 147 N.M. 334, 222 P.3d 1040, *cert. granted*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794. "[A] district court abuses its discretion when its decision is not supported by substantial evidence." *State v. Solano*, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted). Similarly, "[i]n assessing a claim of evidentiary insufficiency, this Court asks whether substantial evidence supports the court's decision." *Gonzales*, 2001-NMCA-025, ¶ 40. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the decision below, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary. *Id.* "It is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses. The court [is] free to disregard expert opinion." *Trujillo*, 2009-NMCA-128, ¶ 18 (internal quotation marks and citation omitted). With this as a background, we turn to Children's arguments.

**1.     Amenability as to Jaime**

Jaime argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that the district court was precluded from finding him unamenable to treatment

in light of the conflicting expert testimony presented at the amenability hearing. Though he styles this argument as an attack on the sufficiency of the evidence, Jaime is really asking this Court to reweigh the evidence. He argues that the district court could not have concluded that he was not amenable to treatment because there was evidence presented that he was amenable to treatment. The court was presented with conflicting testimony on the issue of Jaime's amenability. The State's expert opined that Jaime was not amenable to treatment whereas Jaime's expert proffered testimony supporting the opposite conclusion. The district court resolved the conflict in evidence in the State's favor. We will not disturb that determination on appeal. *State v. Johnson*, 99 N.M. 682, 685, 662 P.2d 1349, 1352 (1983) ("Conflicts in evidence are to be resolved by the trier of facts, and this includes any conflicts in testimony among witnesses."); *State v. Tapia*, 79 N.M. 344, 345, 443 P.2d 514, 515 (Ct. App. 1968) ("On review of a criminal case we do not pass upon the weight of the evidence."). We also affirm on this issue.

**2.      Amenability as to Ronald**

        In Ronald's case, the determination was based on evidence that is largely uncontested: Ronald's offense was serious, was committed in a violent and aggressive manner, and was committed against a person. The court heard evidence that Ronald had an extensive history of delinquent and criminal misconduct. Ronald had been

8

involved in fights and gangs; regularly used illegal substances; had stabbed a person with a screwdriver; had fired guns at people; had engaged in serious and deviant acts of animal cruelty; had broken into homes; had committed theft; and, while in detention, had caused disturbances and threatened to "shank" another inmate. The court heard evidence that, despite his young age, Ronald is a sophisticated and mature adult. Finally, the court heard evidence that a juvenile sentence was inappropriate as Ronald posed too great a risk to the public and would likely have an ill effect on the other children at any juvenile facility.

Ronald makes several arguments that the court should have given additional weight to other evidence. This line of argument is unavailing as we do not reweigh the evidence on appeal but merely ask whether there was substantial evidence for the conclusion reached. *Gonzales*, 2001-NMCA-025, ¶ 40.

Ronald complains that the Court failed to discuss the third factor in Section 32A-2-20(C)(3)—whether a firearm was used during the offense. Section 32A-2-20(C) refers to the findings that must be made in Subsection (B) and directs the judge to consider certain factors including whether a firearm was used. In this case, the victim was stabbed and there was never any suggestion that a firearm was involved. At the end of the amenability hearing, during the explanation of its determination, the district court acknowledged that it had "to take into account the factors in Subsection

9

C in the statute." Later in the explanation, the district court described the manner in which the crime occurred—by shanking the victim. The record demonstrated that the district court considered this factor and the absence of a statement regarding the use of a firearm is not error.

Ronald also asserts that the court should have considered the varying hardships that would inure to Ronald if placed in an adult facility. This argument does not persuade us. The court heard evidence that Ronald was not suited for placement in a juvenile facility and agreed with this assessment.

Finally, Ronald contends that the district court erred in deciding the issue of amenability under the preponderance of the evidence standard. The transcript of the hearing reveals that the court stated:

> And so I find in favor of adult sanctions as well.
> I regret that that's what we have in this case, that the [c]ourt finds by clear and convincing evidence, even if the standard's only by a preponderance, I'm making these findings by the preponderance of the evidence that these children are not amenable to treatment and rehabilitation as a child in any available facility.

We agree that the statement is unclear in some respect, but we believe that the court was indicating that it used the clear and convincing standard to find non-amenability.

In *Gonzales*, we declined to resolve what evidentiary standard a judge must use to decide amenability, but nonetheless concluded that amenability could be resolved under the clear and convincing standard. 2001-NMCA-025, ¶¶ 37, 46. We, too,

10

decline to resolve the issue and instead determine that it is sufficient that the district court decided the issue under the clear and convincing standard and further conclude that there was substantial evidence to support the district court's finding of non-amenability by clear and convincing evidence. We find no error here.

**C.     Predisposition Report and Sentencing**

Ronald makes two additional arguments on appeal. We take them in order.

**1.      Predisposition Report**

Citing Section 32A-2-17, Ronald next argues that he is entitled to be resentenced because the district court failed to have the New Mexico Department of Corrections prepare a predisposition report after the amenability hearing and prior to sentencing. The State asserts that Ronald failed to preserve this argument. We agree with the State.

Despite having provided statements of preservation as to the other issues raised, Ronald failed to include a statement of preservation as to this issue. *See* Rule 12-213(A)(4) NMRA ("The brief in chief of the appellant, under appropriate headings and in the order herein indicated, shall contain: . . . an argument which, with respect to each issue presented, shall contain a statement . . . explaining how the issue was preserved in the court below[.]"); *State v. Boergadine*, 2005-NMCA-028, ¶ 30, 137 N.M. 92, 107 P.3d 532 ("Without an appropriate cite to the record, we do not comb

11

the record to find whether an issue was properly preserved.  As such, we need not address this contention." (citation omitted)).  Moreover, Ronald did not respond in his reply brief to the State's assertion that this argument was not preserved.  We conclude that Ronald failed to preserve this argument.  As he does not argue fundamental error, we decline to further address this issue.

**2.    Sentencing**

Finally, Ronald argues that the sentence the district court imposed was contrary to the terms of the plea agreement.  Ronald claims that the agreement limited his exposure to incarceration to ten years and did not include any agreement as to probation.  As such, Ronald objects to having been sentenced to eighteen years with eight of those years suspended and objects to having been given five years' probation.

The plea agreement provides the following:

> 1.    Agreement as to sentence.  That the following disposition will be made of the charges:  The Court will not impose a sentence of more than ten (10) years['] incarceration as an adult.  The range of dispositional alternatives therefore will be from juvenile disposition until age 21 with periodic reviews or up to 10 years['] incarceration as an adult.  This is a 'serious violent offense' and [NMSA 1978, Section] 33-2-34 [(2006)] for earned meritorious deductions applies.

The agreement further provides that the maximum possible penalties Ronald accepted are those provided within the statutes underlying the charges to which Ronald pled. The maximum possible penalty for those offenses is eighteen years.

12

We find little merit in Ronald's objection to the fact that he was sentenced to eighteen years with eight of those years suspended. The eighteen-year sentence was the maximum possible penalty for Ronald's offenses. The agreement expressly provided that these maximum penalties could be imposed. Having imposed the maximum penalties, the district court suspended eight years for a total period of ten years' incarceration, the maximum period of incarceration permitted under the plea agreement. This aspect of the sentence imposed was not contrary to the plea agreement.

As to the issue of probation, Ronald is correct that the agreement is silent as to this issue. Ronald also correctly observes that "we construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he entered the plea." *State v. Orquiz*, 2003-NMCA-089, ¶ 7, 134 N.M. 157, 74 P.3d 91. We disagree, however, with Ronald's conclusion that because the agreement was silent on the issue of probation, he could reasonably conclude the agreement excluded the possibility for probation.

As discussed above, the agreement provided that Ronald would serve no more than ten years' incarceration. Yet, the agreement also provided that the maximum possible penalties for Ronald's offenses could be imposed, i.e., an eighteen-year sentence. Given the structure of the agreement, it is reasonable, in our view, to

13

conclude that Ronald would understand that the agreement necessarily incorporated the potential for a suspended sentence. As such, it is also reasonable to conclude that Ronald would understand that the imposition of a suspended sentence would necessarily involve the imposition of a probationary period. *See* NMSA 1978, § 31-20-5(A) (2003) ("When a person has been convicted of a crime for which a sentence of imprisonment is authorized and when the . . . district court has . . . suspended sentence, it shall order the defendant to be placed on probation for all or some portion of the period of . . . suspension[.]").

**III.    CONCLUSION**

For the foregoing reasons, the sentences imposed on Children by the district court are affirmed.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**