This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **NO. 31366**

**ADRIAN FLORES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Adrian Flores (Defendant) appeals from the amended order revoking his

probation. [RP 166] Defendant raises one issue on appeal, contending that the unsubstantiated and uncorroborated word of a witness cannot be sufficient evidence to convict and revoke Defendant's probation. [DS 6] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, we affirm.

In the memorandum, Defendant continues to contend that the evidence was insufficient to support revocation of his probation and he requests that the case be assigned to the general calendar to resolve the credibility issues, relying on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 3-4] In particular, Defendant points out that Crystal, the alleged victim in Defendant's prior crimes to which he pled no contest, admitted that she initiated contact with Defendant, and he argues that her testimony about what happened was inconsistent and contained physical impossibilities. [MIO 3] Defendant further argues that Crystal "had no credibility" and "could not be believed when she testified that [Defendant] then followed *her* and possessed a deadly weapon." [Id.]

As we discussed in the calendar notice, at the revocation hearing, the State presented testimony that Defendant threatened and assaulted Crystal with a firearm,

prevented her from leaving, and hit and bit her. [RP 64, 146-149] A deputy officer testified about Crystal's report of the events, and Crystal testified about the events at the hearing. [DS 3-4] Defendant's probation officer also testified about the conditions of Defendant's probation, which provided that Defendant not violate any of the laws or ordinances of the State of New Mexico, that he not associate with the victims or witnesses of his crime or crimes, and that he not possess any dangerous/deadly weapons. [DS 5] The district court's order revoking Defendant's probation states: "[Defendant] picked up new charges of Aggravated Assault Against a Household Member; Felon in Possession of a Firearm and Kidnapping." [RP 59, 166] We hold that the State presented substantial evidence from which the district court judge could determine that, to a reasonable probability, Defendant violated standard conditions of his probation agreement. *See State v. Sanchez,* 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (recognizing that the standard of proof in a probation revocation proceeding is simply proof which inclines a reasonable and impartial mind to the belief that the defendant had violated the terms of probation) (internal quotation marks and citation omitted)).

While Defendant argued at the hearing and in his memorandum that Crystal's testimony at the hearing was inconsistent with her testimony to police and to the grand jury and Defendant presented his own witnesses as to conflicting versions of the

events [DS 4, 5-6; MIO 3-4], it is well-established that it is for the factfinder, in this case the district court judge, to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Moreover, this Court as "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. Finally, "the [factfinder] is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

For these reasons and the reasons set forth in the calendar notice, we hold that the district court did not abuse its discretion in revoking Defendant's probation. [RP 134] *See State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91 (recognizing that we review a trial court's probation revocation decision under an abuse of discretion standard).

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**