This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**                                                                                   **No. 34,937**

**KEITH MCNEW,**

      **Defendant-Appellant**.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COURT**
**Christina Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant, Keith McNew, appeals from the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to affirm.

Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}	Defendant continues to argue that the district court erred in revoking his probation because the evidence was insufficient to establish that he was in possession of a controlled substance or that he violated state law by fleeing from a police officer. [DS 6; MIO 7-10] "We review a trial court's probation revocation decision under an abuse of discretion standard." *State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "Proof of a probation violation need not be established beyond a reasonable doubt." *State v. Green*, 2015-NMCA-007, 341 P.3d 10, ¶ 22, *cert. denied*, 2014-NMCERT-012, 344 P.3d. 987. In reviewing a challenge to the sufficiency of the evidence to support a probation revocation "we view the evidence in a light most favorable to the [state], indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339.

{3}	Based on our review of the record and Defendant's memorandum in opposition,

2

we understand the relevant proceedings to be as follows. On May 15, 2015, the State filed its amended third motion to revoke Defendant's probation. [RP 120] In the motion, the State alleged in relevant part that Defendant violated a standard condition of probation which required that he not violate any laws of the State of New Mexico by resisting, evading, and obstructing an officer and for trafficking in a controlled substance. [RP 122] As a second basis for revocation, the State alleged that Defendant was in possession of heroin in violation of a standard condition which required that he not possess any controlled substances. [RP 122]

{4} On July 8, 2015, the district court held a hearing on the motion to revoke probation. The docketing statement and the memorandum in opposition recite that at the revocation hearing, Bernalillo County Sheriff's Deputy Welsey Barnes testified that he was dispatched after a report of a man in a parking lot wearing a red jersey and waving a gun in a Pontiac. [DS 4; MIO 3] When Deputy Barnes arrived at the scene he saw a Pontiac with the reported license plate and saw someone standing outside the car wearing a red jersey. [DS 4; MIO 3] Deputy Barnes activated his emergency lights, and the person in the red jersey began to run. [MIO 3] Deputy Barnes pursued him and ordered the man to stop, and Defendant eventually complied. [DS 4; MIO 3] Deputy Barnes then detained the man, who he identified as Defendant. [DS 4] Deputy Barnes also testified that when he patted Defendant down, he discovered 1.3 ounces

3

of a tar like substance in Defendant's pants. [MIO 3] The substance field tested positive for heroin. [DS 4-5; MIO 3] The district court ultimately determined that Defendant committed both alleged violations and revoked his probation. [RP 130]

{5} Defendant challenges the sufficiency of the evidence to support both findings. We first address Defendant's argument that the evidence was insufficient to establish that he violated probation by fleeing or evading Deputy Barnes. [MIO 9] We disagree. Viewing this evidence in the light most favorable to the State, we believe that Deputy Barnes' testimony that Defendant ran away after Deputy Barnes activated his lights and ordered him to stop adequately supports a finding that Defendant violated state law by evading an officer. *See State v. Gutierrez*, 2007-NMSC-033, ¶ 30, 142 N.M. 1, 162 P.3d 156 (determining that Section 30-22-1(B) applies to situations in which an officer is attempting to make a temporary investigative seizure or *Terry* stop); NMSA 1978, § 30-22-1(B) (1981) (defining resisting, evading or obstructing an officer to consist of intentionally fleeing or evading an officer of this state when the person committing the act of fleeing, attempting to evade or evasion has knowledge that the officer is attempting to apprehend or arrest him); *see also In re Bruno R.*, 2003-NMCA-057, ¶ 9 (stating that in reviewing a sufficiency of the evidence contention, we view the evidence in a light most favorable to the prosecution); *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a

probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation).

**{6}** Defendant argues that the evidence was insufficient to show that he knew that Deputy Barnes was an officer attempting to arrest or detain him. [MIO 9] We believe, however, that the district court could conclude that Defendant was aware that Deputy Barnes was attempting to stop him based on the officer's testimony that Defendant took off running when Deputy Barnes activated his emergency lights and that he continued to run while Deputy Barnes pursued him and ordered him to stop before eventually complying. [MIO 3] *See State v. Maez*, 2009-NMCA-108, ¶ 25, 147 N.M. 91, 217 P.3d 104 (rejecting the defendant's argument that there was insufficient evidence that he knew the officer was attempting to apprehend him where the defendant fled the scene of an accident after the officer activated his lights, the officer was yelling loudly, and it was daytime). We therefore affirm the district court's revocation of Defendant's probation on this basis.

**{7}** Defendant next argues that the evidence was insufficient to establish that he violated his probation by being in possession of a controlled substance. [MIO 7-8] Defendant argues that the district court improperly based its determination on the results of a field test, which was not shown to be reliable. [MIO 7-8] However, as we have determined that sufficient grounds exist to support revocation on the first basis

alleged in the motion, it is not necessary to address these arguments, and we therefore do not reach the issue of whether there was sufficient evidence to support this allegation of probation violation. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that "although [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper"); *see also Green*, 2015-NMCA-007, ¶ 21, n.3, (declining to reach the issue of whether sufficient evidence supported revocation of the defendant's probation on the remaining alleged grounds where the Court found sufficient evidence of a violation on one ground).

{8}     For these reasons, we affirm the district court.

{9}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

6