This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 35,468**

**RUBEN PALFOX,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge Pro Tem**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant, Ruben Palfox, appeals from the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     Defendant continues to argue that the district court erred in revoking his probation because the evidence was insufficient to establish that he committed domestic abuse against his girlfriend, Jamaica Aldaz. [DS 4; MIO 3-6] "We review a [district] court's probation revocation decision under an abuse of discretion standard." *State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91. "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "Proof of a probation violation need not be established beyond a reasonable doubt." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. On reviewing a challenge to the sufficiency of the evidence to support a probation revocation "we view the evidence in a light most favorable to the [State], indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339.

**{3}** The State filed a motion to revoke Defendant's probation in which it alleged that Defendant violated a standard condition of probation that required that he not violate any laws of the State of New Mexico by committing domestic abuse against his girlfriend, Jamaica Aldaz. [RP 64-68] On October 15, 2019, the district court held a hearing on the motion to revoke probation. [RP 88] The docketing statement and the memorandum in opposition recite that, at the revocation hearing, Ms. Aldaz testified that Defendant was her boyfriend and that on July 24, 2015, he blocked her in the apartment when she tried to leave and would not return her car keys. [MIO 2] The docketing statement also recites that Ms. Aldaz testified that Defendant bit her. [DS 4] Additionally, the responding officer testified that she took photographs of Ms. Aldaz' injuries. [MIO 2]

**{4}** Defendant challenges the sufficiency of the evidence to show domestic abuse, specifically arguing that there was no evidence that he caused Ms. Aldaz' injuries. [MIO 5-6]. However, viewing this evidence in the light most favorable to the State, we believe that the evidence adequately supports a finding that Defendant violated state law be committing domestic abuse. *See* NMSA 1978, §40-13-2(D)(2) (2010) (defining "domestic abuse" to include incidents resulting in bodily injury and physical harm); *see also In re Bruno R.*, 2003-NMCA-057, ¶ 9 (stating that in reviewing a sufficiency of the evidence contention, we view the evidence in a light most favorable

3

to the prosecution); *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation).

{5}     For these reasons, we affirm the district court.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**