This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **No. 35,938**

**THOMAS MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant argues that the district court erred in revoking his probation. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered.

Because we remain unpersuaded that our initial proposed disposition was incorrect, we affirm.

**DISCUSSION**

{2}     Following an evidentiary hearing, the district court found that Defendant violated a condition of his probation requiring him to not violate state law by engaging in domestic abuse against his ex-girlfriend. [RP 182][1] The district court also found that Defendant violated a condition of probation requiring that he not possess deadly weapons. [RP 182] "We review a trial court's probation revocation decision under an abuse of discretion standard." *State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91.

{3}     Defendant first argues that the evidence was not sufficient to show a violation. [MIO 4-5] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To meet this burden, the [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *Id.* When reviewing a challenge to the sufficiency of the evidence to support a probation revocation "we view the evidence in a light most favorable to the [State], indulging all reasonable

---

[1]Citations are to the Record Proper in CR-2013-01248.

inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N .M. 566, 66 P.3d 339.

{4}     The docketing statement and the memorandum in opposition recite that the victim testified that Defendant came into her home without her permission, held her against her will, put a knife to her throat, and cut her dog's collar. [DS 3; MIO 2, 4-5] Viewing this evidence in the light most favorable to the State, this testimony adequately supports a finding that Defendant violated state law by committing assault with intent to commit a violent felony. *See* NMSA 1978, § 30-3-3 (1977) ("Assault with intent to commit a violent felony consists of any person assaulting another with intent to kill or commit any murder, mayhem, criminal sexual penetration in the first, second or third degree, robbery or burglary."). Additionally, this testimony is sufficient to support a finding that Defendant was in possession of a deadly weapon, contrary to the terms of his probation. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation).

{5}     Defendant also continues to argue that his due process right to effective assistance of counsel was denied when his attorney failed to call his girlfriend as an alibi witness. [MIO 2-8]. "We review claims of ineffective assistance of counsel de

3

novo." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her attorney failed to exercise the skill of a reasonably competent attorney and that the defendant was prejudiced by the failure." *State v. Reyes*, 2002-NMSC-024, ¶ 46, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806.

{6}     With respect to the first prong of the analysis, the decision whether to call a witness is a matter of trial tactics, which we do not second guess on appeal. *See State v. Trujillo*, 2012-NMCA-112, ¶ 47, 289 P.3d 238 (stating that "[t]he decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel" (internal quotation marks and citation omitted)). Additionally, although Defendant asserts his girlfriend would have provided him with an alibi, nothing in the record before this Court supports that assertion, or otherwise suggest that she had relevant or exculpatory evidence to offer. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without a record, we cannot consider claims of ineffective assistance of counsel on direct appeal). Defendant has therefore failed to show that he was prejudiced by the failure to call this witness. *State v. Hobbs*, 2016-NMCA-006, ¶ 21, 363 P.3d 1259 (rejecting the defendant's argument that he received ineffective assistance of counsel based on the failure to call a witness where

4

there was no evidence in the record that the outcome would have been different if counsel had called an expert witness); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. Consequently, Defendant has not made a prima facie showing of ineffective assistance of counsel, and these issues must be pursued, if at all, in a collateral proceeding. *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 ("When the record on appeal does not establish a prima facie case of ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing.").

**{7}** For these reasons, we affirm the district court's revocation of Defendant's probation.

**{8}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**HENRY M. BOHNHOFF, Judge**