This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40465**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**LAMARCUS SCOTT,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Lindsay Stuart, Assistant Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm in part and remand in part for the following reasons.

**{2}** Defendant argues that the district court erred in imposing four-year habitual offender enhancements to each of his two prior felony convictions and then running the enhancements consecutively. Defendant first argues that the sentence enhancements were in contravention of the parties' plea agreement. Defendant also argues that the district court erroneously believed that it lacked discretion to order the sentence enhancements to run concurrently. [BIC 5-8; RB 3-7] Before addressing Defendant's arguments, we briefly set out the relevant facts and procedural history.

**{3}** Defendant was originally indicted on May 28, 2019, on five felony counts. [RP 1-2] On August 18, 2021, Defendant entered into a plea agreement with the State in which the State agreed to reduce three of the charges to misdemeanors, leaving only two felony charges, and Defendant agreed to plead guilty to all offenses. [RP 65-66] Defendant also agreed to admit that he was previously convicted of two prior felonies and agreed not to contest the validity of those prior convictions if habitual offender proceedings were brought against him. [RP 69] The State in turn agreed not to bring habitual offender proceedings unless Defendant violated any law or violated any conditions of probation or parole. [RP 66]

**{4}** The district court sentenced Defendant to eighteen months on each felony conviction, 364 days on two of the misdemeanor convictions, and fifteen days on the remaining misdemeanor, with all sentences to be served consecutively for a total of five years and thirteen days incarceration. [RP 75-76] The district court then suspended the entire sentence and placed Defendant on probation for five years**.** [RP 77] Defendant was later arrested on new charges, and the district court revoked his probation. [RP 166] On revocation, the district court enhanced Defendant's sentence by four years on each of his two prior felony convictions and ran the enhancements consecutively for a total enhancement period of eight years. [RP 169] Defendant now appeals. Additional facts are set forth below.

**{5}** Defendant first argues that the district court's imposition of eight years of habitual offender enhancement time contravened the terms of the plea agreement. Defendant notes that the plea agreement stated that he would be subject to "a four year enhancement," and there was no language in the plea agreement regarding whether the four year enhancement went to each of the two prior felony convictions or whether the time would be imposed consecutively or concurrently. [BIC 5-7] Defendant argues that the plea agreement is therefore ambiguous, and any ambiguity must be construed in Defendant's favor. [BIC 7]

**{6}** There is no question that Defendant failed to raise this argument in the district court and only argues for the first time on appeal that the plea agreement was ambiguous regarding the imposition of habitual offender enhancements. However, Defendant asks that we review this issue for fundamental error despite the lack of preservation because it implicates the integrity of the judicial system.1 [BIC 4-5; RB 2-3]

---

1 Defendant also asks that we review this issue for plain error. We decline, however, as the plain error rule only applies to evidentiary matters, and "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." State v. Torres, 2005-

*See State v. Castillo*, 2011-NMCA-046, ¶ 28, 149 N.M. 536, 252 P.3d 760 (reviewing an unpreserved sentencing claim for fundamental error); *see also* Rule 12-321(B)(2)(c), (d) NMRA (providing appellate court discretion to review unpreserved issues involving fundamental error or fundamental rights). In the context of claimed error in sentencing, we apply the fundamental error doctrine "'only under exceptional circumstances and only to prevent a miscarriage of justice.'" *Castillo*, 2011-NMCA-046, ¶ 29 (quoting *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633). "The error must shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *Id.* (internal quotation marks and citation omitted). We review Defendant's claim of fundamental error under this standard.

**{7}** "A plea agreement is a unique form of contract[,] the terms of which must be interpreted, understood, and approved by the trial court." *State v. Orquiz*, 2003-NMCA-089, ¶ 7, 134 N.M. 157, 74 P.3d 91 (internal quotation marks and citation omitted). "Upon review, we construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he [or she] entered the plea." *Id.* "If the language in the [plea] agreement is ambiguous, it is the district court's task to resolve that ambiguity with the parties," if it does so, "the agreement can no longer be said to be ambiguous." *State v. Miller*, 2013-NMSC-048, ¶ 9, 314 P.3d 655.

**{8}** To the extent there was any ambiguity in the plea agreement regarding habitual offender enhancements, the ambiguity was resolved by the district court at the plea colloquy. While Defendant is correct that the plea agreement did not state whether the four-year enhancement applied to each felony conviction, during the plea colloquy the district court specifically informed Defendant that if he were to later violate the terms of conditions of his sentence, he would be facing an additional four years "per offense." Defendant responded that he understood and stated that he had been advised regarding the enhancements by his lawyer. [8/17/2021: 1:09:36] The district court further advised Defendant that, should he violate his probation, he faced thirteen years and three days incarceration, which represented his original five-year suspended sentence, plus eight years of total habitual offender time. [8/17/2021: 1:09:59] Thus, Defendant was informed when he entered the plea that the four-year enhancements applied to both of his prior felony convictions and that they could be run consecutively. The district court therefore cured any ambiguity in the plea agreement regarding the potential sentence should Defendant violate probation. *See State v. Banghart-Portillo*, 2022-NMSC-021, ¶¶ 20-22, 519 P.3d 58 (holding that the district court cured any ambiguity in the plea agreement regarding the potential consequences of a probation violation when it informed the defendant that she faced an additional eight years of incarceration if she violated probation and that each count was subject to a habitual offender enhancement); *see also State v. Mares*, 1994-NMSC-123, ¶¶ 13-14, 119 N.M. 48, 888 P.2d 930 (holding that the district court resolved any ambiguity in the plea agreement when it informed the defendant that he faced a potential of nine years of incarceration if he violated probation). As there was no ambiguity in the plea agreement

NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877 (internal quotation marks and citation omitted); State v. Gutierrez, 2003-NMCA-077, ¶ 19, 133 N.M. 797, 70 P.3d 787 ("Plain error applies only to errors in evidentiary matters.).

regarding the habitual offender enhancements, Defendant cannot establish error on this issue, fundamental or otherwise.

**{9}** We nevertheless remand this case for resentencing. Defendant also argues that the district court erred in imposing the sentence enhancements consecutively based on its mistaken belief that because the underlying sentences were run consecutive it was required to run the enhancements consecutively as well. [BIC 5, 7; RB 5-6]

**{10}** We agree. In *State v. Triggs*, 2012-NMCA-068, ¶¶ 18-23, 281 P.3d 1256, we held that in the absence of a provision in a plea agreement stating that habitual offender enhancements for multiple offenses must be run consecutively, the district court retains discretion to run any or all of the enhancements concurrently. Because the district court in *Triggs* erroneously believed that, as a matter of law, it lacked discretion to order the habitual offender enhancements to be served concurrently, we reversed the sentencing order and remanded for the district court to exercise discretion. *Id.* ¶ 23.

**{11}** The record in this case is clear that the district court believed that it lacked discretion to run the habitual offender enhancements concurrently because the underlying felony offenses had been run consecutively. [3/1/2022: 11:03:22] However, as in *Triggs*, the plea agreement in this case contained no provision requiring the district court to run the habitual offender enhancements consecutively. [RP 65-72] The district court thus retained its discretion to impose concurrent sentences. *Id.* ¶¶ 19-22.

**{12}** The State does not dispute Defendant's argument that the district court erred in concluding that it lacked discretion to order the habitual offender enhancements to run concurrently. [AB 1-11] Rather, the State argues again that Defendant failed to preserve this objection below. [AB 8] However, in *Triggs* we found it significant that the State had led the district court into its ruling that it had no discretion to run the enhancements concurrently. *Id.* ¶ 16. Accordingly, we determined that the issue implicated both "equity and the integrity of the criminal justice system." *Id.* We also noted that "this Court may in its discretion ensure fundamental fairness to a criminal defendant when his or her substantial rights are affected, 'even though he [or she] may be precluded by the terms of a statute or rules of appellate procedure.'" *Id.* (quoting *State v. Traeger*, 2001-NMSC-022, ¶ 18, 130 N.M. 618, 29 P.3d 518 (alteration in original)). We therefore chose to address the issue, even though the defendant had not initially raised the issue in his brief in chief. *See id.*

**{13}** In this case, the State misinformed the district court that it was required to impose consecutive habitual offender enhancements because the sentences on the underlying felonies had been run consecutively. [3/1/2022: 10:47:08] Therefore, in the interests of equity and the integrity of the judicial system, as in *Triggs*, we remand this case to the district court to exercise its discretion and determine whether the habitual offender enhancements should be run concurrently or consecutively.

**{14} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**